### Fitzherbert v. Fitzherbert

*William J. Franks,* for plaintiff.

FEIGUS, J., February 1, 1974.—The record in this divorce action indicates that defendant was incarcerated in a State correctional institution at the time of the master's hearing, and that although the master duly served him with a notice of hearing, he did not apprise him of his right to seasonably apply for a writ of habeas corpus ad testificandum, so as to enable him to appear in person at the hearing, if he so desired. In the case of a prisoner defendant, the master should afford him that right: 15 Standard Pa. Pract. 340; 2 Freedman: Law of Marriage and Divorce in Pennsylvania 1070; Mankos v. Mankos, 45 D. & C. 2d 274; Hoffman v. Hoffman, 33 D. & C. 2d 528; Larneard v. Larneard, 27 D. & C. 2d 586; Smith v. Smith, 18

D. & C. 2d 623; Davidson v. Davidson, 1 D. & C. 2d 71; Parker v. Parker, 61 D. & C. 593.

We will return the case to the master with instructions that he advise defendant of his right to appear before him. If defendant waives the right in writing, the master may return the case to the court.

### ORDER

And now, February 1, 1974, the master's report is returned to the master to afford defendant an opportunity to appear at a further hearing if he so desires, with supplementary report to this court.